# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TERRELL WRIGHT,

    Petitioner,

v.                                         CASE NO. 8:10-CV-107-T-30EAJ
                                          CRIM. CASE NO. 8:03-CR-343-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1) filed on January 6, 2010,[1] "Memorandum and Brief in Support of Title 28 U.S.C. § 2255, Application" (CV Dkt. #6) filed on January 22, 2010, and "Motion to Show Cause" (CV Dkt. #8) which the Court construes as his response to the Court's January 21, 2010 order to show cause why the § 2255 motion should not be dismissed as time barred (see CV Dkt. #5). The Court concludes that this § 2255 motion is due to be dismissed without an evidentiary hearing because it plainly appears from the face of the motion, the record, and the prior criminal proceedings that the petition is time barred.

---

[1] Although the Court received Petitioner's § 2255 motion on January 14, 2010, Petitioner certified that he placed his § 2255 motion in the prison mailing system on January 6, 2010 (CV Dkt. #1 at 13). In this circuit, a § 2255 motion is deemed "filed" when it is surrendered to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 273 (1988). Accordingly, the Court considers Petitioner's § 2255 motion filed on January 6, 2010.

**BACKGROUND**

On November 17, 2003, Petitioner, TERRELL WRIGHT (hereinafter referred to as "Wright" or "Petitioner"), pursuant to a plea agreement, pled guilty to Count One of the Indictment (CR Dkt. #61): (1) Count One - conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(iii) and (c) (see CR Dkt. #1). On February 26, 2004, the Court imposed a sentence of 151 months imprisonment to be followed by 5 years supervised release, and entered judgment (CR Dkt. #93).

Wright did not file a direct appeal. However, on February 26, 2008, Wright filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a guideline sentencing range that had subsequently been lowered and made retroactive (CR Dkt. #181). On May 6, 2008, the Court granted Wright's motion and, based on his amended offense level and amended guideline range, reduced his sentence of imprisonment from 151 months to 121 months (CR Dkt. #187). An amended judgment was entered on May 6, 2008 (CR Dkt. #188). Wright did not appeal the amended judgment. Therefore, his conviction became final 10 business days after May 6, 2008, to wit: May 20, 2008.

On January 6, 2010, Petitioner filed the instant motion (CV Dkt. #1) seeking relief on the grounds that there has been an intervening change in the law which makes his sentence illegal, a denial of equal protection in violation of his Fifth Amendment protections, and the 5 year supervised release sentence violates federal law and the Constitution because it extended his sentence beyond the "lawfully authorized sentence."

# DISCUSSION

Title 28 U.S.C. § 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or otherwise correct the sentence.

28 U.S.C. § 2255. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter referred to as "AEDPA"). This law added the following provisions to 28 U.S.C. § 2255:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence.

28 U.S.C. § 2255.

Because Petitioner did not appeal the amended judgment of conviction entered on March 6, 2008, it became final 10 business days later on March 20, 2008, and his one year

3

limitation period within which to file a § 2255 motion ended March 20, 2009. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires). As the Supreme Court noted in *Dodd v. United States*, 545 U.S. 353, 356-57 (2005), "[i]n most cases, the operative date from which the limitation period is measured will be the one in [§ 2255(f)(1)] . . . . But later filings are permitted where subparagraphs (2)-(4) apply."

In this case, Petitioner appears to assert that such a statutory exception to the operation of the one-year limitation period is applicable to him under § 2255(f)(3) and that the limitation period should be measured from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). It appears Petitioner is asserting a later date for the commencement of the limitation period applies, as a result of his reliance upon the Supreme Court's decision in *Spears v. United States*, 129 S. Ct. 840 (2009). Petitioner is mistaken.

First, the Supreme Court recognized no new right in *Spears*. *See Fearn v. United States*, 2010 U.S. Dist. LEXIS 46581 at *7 (E.D. Tenn. May 11, 2010) ("The *Spears* decision does not create a new and retroactive constitutional right for criminal defendants..."). Rather than recognizing a new right, the Supreme Court in *Spears* "reiterated" the holding in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), that a district court possesses the discretionary authority to vary from the crack cocaine guidelines based upon a policy disagreement with the disparity between the sentences imposed for crack and powder cocaine offenses. *See United States v. Deglace*, 353 Fed. Appx. 310, 313 (11th Cir. 2009)

4

(unpublished opinion) (citing *Spears*, 129 S. Ct. at 843 ("That was indeed the point of *Kimbrough*: a recognition of district courts' authority to vary from the crack cocaine Guidelines based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case.")).

§ 2255(f)(3) states that the limitation period shall run from "the date on which the right asserted was *initially recognized* by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review..." (emphasis added). At most, *Spears* clarified the rule announced in *Kimbrough*.[2] Therefore, even if the decision in *Spears* is retroactively applicable to Petitioner's § 2255 motion, this Court concludes that Petitioner did not have one year from the date of the decision in *Spears* to file his motion because *Spears* does not recognize a new right, but merely reiterates the holding in *Kimbrough*. *See Conaway v. United States*, 2010 U.S. Dist. LEXIS 34101 at *3 (M.D. Ga. Apr. 7, 2010) ("*Spears* upholds the *Kimbrough* and *Booker* propositions that the Guidelines are advisory and a Court 'may … vary downward from the advisory guideline range.'"); *United States v. Desire*, 2009 U.S. Dist. LEXIS 123781 at *2 (M.D. Fla. Dec. 29, 2009) ("*Kimbrough* held that, after *Booker*, a district court possessed the authority to vary from the crack cocaine guidelines based upon a policy disagreement with the disparity between the sentences imposed for crack and powder cocaine offenses. In

---

[2]The Court also concludes that *Kimbrough* did not create a new and retroactive constitutional right for criminal defendants. Instead, *Kimbrough* confirmed the proposition in *Booker v. United States*, 543 U.S. 220 (2005) that the Sentencing Guidelines are advisory only, and clarified that district courts have the discretion "to reject and vary categorically from the crack-cocaine guidelines based on a policy disagreement with those Guidelines." *Spears*, 129 S. Ct. at 844.

*Spears*, the Court reiterated this holding."); *Fearn*, 2010 U.S. Dist. LEXIS 46581 at *7 (E.D. Tenn. May 11, 2010) ("The *Spears* decision merely clarified the Supreme Court's previous holding in *Kimbrough*...Under § 2255(f)(3), the statute of limitations starts only upon the initial recognition of a right, not upon a case reaffirming that right.").

Second, the *Spears* opinion does not contemplate retroactive application on collateral review. *See e.g.*, *Fontes v. United States*, 2010 U.S. Dist. LEXIS 28474 at *18 (D. Mass. Mar. 25, 2010) ("*Spears* is not applicable retroactively."); *United States v. Tchibassa*, 646 F. Supp. 2d 144, 149 (D.D.C. 2009) (*Spears*, which merely elaborates on *United States v. Booker*, 543 U.S. 220 (2005), not applicable retroactively.); *United States v. Webb*, 2009 U.S. Dist. LEXIS 126272 at *5 (W.D. Va. Sept. 16, 2009) ("[T]he ruling in *Spears* applied to cases then before the court for sentencing or direct appeal and has not been recognized to apply retroactively to cases which are, like Webb's, before the court on collateral review."). Accordingly, Petitioner is not entitled to employ § 2255(f)(3) to escape the restriction of the period of limitations.

**EQUITABLE TOLLING**

28 U.S.C. § 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case, Petitioner has not alleged that there were extraordinary circumstances that were both beyond his control and unavoidable with diligence. Therefore, he is not entitled to equitable tolling.

**ACTUAL INNOCENCE**

The remaining error argued by Petitioner is that he is "actually innocent of the 100 to 1 ratio..." (CV Dkt. 8 at pg. 6). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, Petitioner apparently mistakes factual innocence for legal insufficiency. The Supreme Court clarified the matter by instructing that, in light of all of the evidence, a petitioner can establish actual innocence when he demonstrates that it is more likely than not that no reasonable juror would have convicted him. *See id.* Here, Petitioner does not challenge his underlying conviction, does not contend that he did not commit the offense, and does not contest the amount of cocaine base used to enhance his sentence. Rather, Petitioner attacks the validity of the sentencing enhancement without stating a colorable claim of actual innocence.

**EVEN IF TIMELY, THE § 2255 MOTION WOULD FAIL**

Even if the § 2255 motion had been timely, it would still have failed on the merits. Although Petitioner offers four grounds that he claims entitle him to relief, Petitioner essentially states two: 1) the sentencing disparity between crack and powder cocaine offenses violates equal protection; and 2) the 5 year supervised release sentence violates his Fifth and Sixth Amendment rights because it extended his sentence beyond the "lawfully authorized sentence."

First, the Eleventh Circuit Court of Appeals has clearly "held that the sentencing disparity between crack and powder cocaine offenses does not violate equal protection."

*United States v. Jackson*, 322 Fed. Appx. 679, 682 (11th Cir. 2009) (citing *United States v. King*, 972 F.2d 1259, 1260 (11th Cir. 1992)).

Second, Petitioner's claim that his sentence is illegal and violates his rights under the Fifth and Sixth Amendments because the 5 year term of supervised release extends his sentence beyond the "legally authorize[d] sentence of 120 months..." (see Dkt. 6 at pg. 19) is without merit. Pursuant to 18 U.S.C. § 3583(a), "a federal district court has the power to impose a term of supervised release as part of any criminal sentence." *United States v. Jordan*, 915 F.2d 622, 631 (11th Cir.1990). "Section 3583 of Title 18 authorizes a court to impose a term of supervised release to follow imprisonment." *United States v. Williams*, 2 F.3d 363, 363 (11th Cir. 1993). U.S.S.G. § 5D1.1.(a) states "[t]he court *shall* order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed, or when required by statute." (emphasis added). "Supervised release is mandated whenever a sentence exceeds one year of imprisonment and may be imposed at the discretion of the district court 'follow[ing] imprisonment in any other case.' U.S.S.G. § 5D1.1." *United States v. Moran*, 573 F.3d 1132, 1138 (11th Cir. 2009). Therefore, because Petitioner's sentence of imprisonment exceeded one year, supervised release was mandated.

Further, Petitioner's claim that his "legally authorized sentence" was 120 months is incorrect. His mandatory minimum term of imprisonment was 120 months, and the statutory maximum term of imprisonment was life. See PSR at ¶ 100; 21 U.S.C. § 841(b)(1)(A). Regardless, even if Petitioner's maximum term of imprisonment were 120 months, a court may order a term of supervised release to follow the statutory maximum term of

8

imprisonment pursuant to 18 U.S.C. § 3583. *United States v. Cenna*, 448 F.3d 1279, 1281 (11th Cir. 2006) (citation omitted).

Therefore, even if the § 2255 motion had been filed timely, it would have failed on the merits.

It is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. # 1) is **DISMISSED** as time barred.

2. The Clerk is directed to close this file and terminate from pending status the motion to vacate found at CR Dkt.# 222, in the underlying criminal case, case number 8:03-cr-343-T-30EAJ.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue …only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on May 21, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record